

**Signed: July 01, 2010**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 09-49872 TT |
| CHRISTIAN PETER MIRNER,<br>TAMARA LYNNE CULLEN-MIRNER, | Chapter 7 |
|       Debtors._____/ | |
| FIRST REPUBLIC BANK, | A.P. No. 10-4009 AT |
|       Plaintiff, | |
|   vs. | |
| CHRISTIAN PETER MIRNER,<br>TAMARA LYNNE CULLEN-MIRNER, | |
|       Defendants._____/ | |

**MEMORANDUM OF DECISION**

The above-captioned adversary proceeding was tried to the Court on June 21, 2010. Appearances were stated on the record. At the conclusion of the trial, the Court took the proceeding under submission. After due consideration, the Court now concludes that judgment should be entered for the plaintiff. The reasons for the Court's decision are set forth below.

**SUMMARY OF FACTS**

In September 2007, the defendants (the "Mirners") obtained a loan from the plaintiff (the "Bank") for an amount in excess of $2 million and secured the obligation with a first deed of trust on their residence, a mini-mansion located in Lafayette, California (the "Residence"). In October 2007, the Mirners obtained a loan from the Bank for an amount in excess of $600,000 and secured the obligation with a first deed of trust on a lavishly appointed vacation home located in Truckee, California (the "Vacation Home"). Both obligations went into default in May 2009, and in June 2009 the Bank began foreclosure proceedings. The Bank obtained appraisals of both properties in July 2009. The Residence was appraised as having a value of $1.9 million at that time. The Vacation Home was appraised as having a value of $550,000.

On October 20, 2009, shortly before the scheduled foreclosure sales on two properties, the Mirners filed a chapter 7 petition, commencing this bankruptcy case. The Bank filed motions for relief from the automatic stay and obtained orders terminating the stay as to both properties. Foreclosure sales were conducted on the Vacation Home on December 9, 2009 and on the Residence on January 7, 2010. The Bank obtained title to each property at the foreclosure sales based on credit bids of less than the full amount of their debt.

After the sales were conducted, the Bank gained access to the properties and discovered that numerous fixtures had been removed, causing significant damage to each of the properties. The Bank has resold the Vacation Home for $525,000 and asserts a damage claim for

2

$25,000 with respect to that property: i.e., the difference between the sale price and the appraised value of $550,000. It has not resold the Residence. It asserts a $77,000 claim with respect to the Residence based on an estimate obtained for repairing the damage done to that property by the removal of the fixtures. The Bank asserts a nondischargeable monetary claim against the Mirners totaling $102,000 based on 11 U.S.C. § 523(a)(6) (willful and malicious injury).[1]

At trial, Christian Mirner ("Mr. Mirner") admitted personally removing most of these items. He testified that he still had the items that he had removed and hoped to use them in some future residence. As for the damage done to the premises, Mr. Mirner testified that he did not believe that the Bank, as a secured creditor, could obtain a monetary judgment for damages against him. He believed that the Bank's only remedy upon his default was to foreclose on the real property. He also expressed the belief that the resale value of foreclosed-upon real property would not be affected by the removal of the fixtures. He did not explain the basis for this conclusion.

**DISCUSSION**

This adversary proceeding presents two distinct issues. First, does the Bank have a claim for damages against the Mirners under state law? Second, if so, is the claim excepted from the Mirners'

---

[1] The Mirners challenged these amounts as unreasonable and unsupported by the evidence. However, they presented no conflicting evidence. Based on the photographs taken of the damage done, the Court finds the amounts asserted by the Bank to be reasonable.

3

bankruptcy discharge under 11 U.S.C. § 523(a)(6). The Court will address each issue in turn.

**A. DOES THE BANK HAVE A CLAIM FOR DAMAGES AGAINST THE MIRNERS UNDER STATE LAW?**

The Bank asserts a claim for "bad faith waste" against the Mirners based on Mr. Mirner's removal of various fixtures from the Residence and the Vacation Home and the resulting damage.[2] Section 2929 of the California Civil Code provides that:

> No person whose interest is subject to the lien of a mortgage may do any act which will substantially impair the mortgagee's security.

Cal. Civ. Code § 2929. A violation of this statutory provision gives rise to a claim of "waste." This claim becomes part of the debt secured by the deed of trust. See Cornelison v. Kornbluth, 15 Cal. 3d 590 (1975).

California law provides that a secured creditor has no right to a deficiency judgment if a deed of trust is foreclosed nonjudicially. See Cal. Civ. Proc. Code § 580b. In addition, it provides that, if the secured debt was incurred to purchase a single family dwelling, there is no right to a deficiency judgment in any event. See Cal. Civ. Proc. Code § 580d. There is no dispute that the Bank provided purchase money loans on both properties, that both properties were single family dwellings, and that both deeds of trust were foreclosed nonjudicially.

---

[2]The Bank asserted other legal theories in its complaint. However, it failed to advance or support these legal theories at trial, and the Court concluded that they were abandoned.

4

California case law has a well established exception to the prohibition on deficiency judgments under these circumstances. The leading case on this issue is <u>Cornelison v. Kornbluth</u>, 15 Cal. 3d 590 (1975) which is still good law. The <u>Cornelison</u> court noted that the same economic forces that cause a borrower to default on its secured debt may sometimes result in a borrower's failure to maintain the collateral as well, resulting in waste. It concluded that this type of "waste" was properly barred by California's anti-deficiency legislation referred to above.

However, the <u>Cornelison</u> court concluded that the anti-deficiency legislation did not intend to bar a claim for "bad faith waste": i.e., damage to the real property done recklessly, intentionally, or maliciously by the borrower. See <u>Cornelison</u>, 15 Cal.3d at 603-04. Mr. Mirner admitted intentionally removing the fixtures and was clearly aware that he was doing damage to the properties in the process. Based on the foregoing, the Court concludes that the Bank has a claim for "bad faith waste" against the Mirners under California law. The Court finds and concludes that the principal amount of that claim is $102,000.

**B.  IS THE BANK'S CLAIM FOR DAMAGES NONDISCHARGEABLE?**

The Bank seeks to except its damage claim against the Mirners from their chapter 7 discharge based on 11 U.S.C. § 523(a)(6). Section 523(a)(6) provides that a chapter 7 discharge does not discharge a debtor from a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity...." 11 U.S.C. § 523(a)(6). Determining whether the Bank's

5

claim for "bad faith waste" should be excepted from the Mirners' bankruptcy discharge under this provision requires the consideration of two distinct issues: (1) whether Mr. Mirner acted willfully and (2) whether Mr. Mirner acted maliciously. The Court will address the latter issue first.

In the Ninth Circuit, for purposes of 11 U.S.C. § 523(a)(6), malice requires: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." In re Ormsby, 591 F.3d 1199, 1207 (9th Cir. 2010) (quoting In re Jercich, 238 F.3d 1202, 1209 (9th Cir. 2001)). Based on the evidence presented, the Court finds that Mr. Mirner acted maliciously in removing the various fixtures from the two properties. The action was clearly intentional. It was wrongful because it violated Cal. Civ. Code § 2929.

The Court finds and concludes that the damage necessarily affected the value of the properties and thus caused injury to the Bank, which is clearly undersecured. Finally, the Court finds that there was no just cause or excuse for the Mirners' conduct. Mr. Mirner's testimony that he believed that the Bank had no remedy against him for the damage to the property does not provide a just cause or excuse for the action.

The more difficult issue is whether Mr. Mirner acted willfully. To be willful for purposes of 11 U.S.C. § 523(a)(6), the injury as well as the action must be intended. Kawaauhau v. Geiger, 523 U.S. 57, 61-62(1998). In Geiger, the debtor, a doctor, negligently prescribed ineffective medication, resulting in the amputation of the

6

plaintiff's right leg below the knee. Id. at 69. The bankruptcy court found that the debtor's conduct was intentional and necessarily led to the injury suffered. As a result, the debt was excepted from the debtor's discharge under 11 U.S.C. § 523(a)(6).

The Supreme Court held otherwise. It noted that such an approach:

> ...could place within the excepted category a wide range of situations in which an act is intentional, but injury is unintended, *i.e.,* neither desired nor in fact anticipated by the debtor. Every traffic accident stemming from an initial intentional act-for-example, intentionally rotating the wheel of an automobile to make a left-hand turn without first checking oncoming traffic-could fit the description.

Geiger, 523 U.S. at 62. The Ninth Circuit has held that the debtor's intent to injure, for purposes of 11 U.S.C. § 523(a)(6) must be determined based on a subjective test. In re Su, 290 F.3d 1140, 1145-46 (9th Cir. 2002). In Su, the plaintiff, a pedestrian, was severely injured when struck by a vehicle driven by the debtor. The debtor was speeding and drove through a red light. The bankruptcy court held that the plaintiff had a claim for willful and malicious injury. It used an objective test in making its determination of whether the debtor acted willfully. Id., 290 F.3d at 1141-42.

The Ninth Circuit Court of Appeals reversed and remanded, directing the bankruptcy court to make the determination using a subjective test. It noted that the Restatement (Second) of Torts dictated the use of a subjective test to determine whether an action is intentional. Id., 290 F.3d at 1143. It noted that the Sixth

7

Circuit had adopted a subjective test while the Fifth Circuit had adopted an objective one. In re Su, 290 F.3d at 1143-44. It acknowledged that prior case law had not made a clear choice between these two tests. See In re Su, 238 F.3d at 1142 (citing In re Jercich, 238 F.3d 1202 (9th Cir. 2001), *cert. denied* 533 U.S. 930 (2001)).

Following the rationale of Geiger, the Su court concluded that a subjective test should be applied to prevent the category of nondischargeable debts from being unduly expanded. Thus, the debtor's particular state of mind must be judged and determined. The debt will only be excepted from the discharge under 11 U.S.C. § 523(a)(6) if the debtor had "actual knowledge that harm to the creditor was substantially certain." In re Su, 290 F.3d at 1145-46.

Applying this test to the facts presented here, the Court concludes that Mr. Mirner's conduct was willful within the meaning of 11 U.S.C. § 523(a)(6). Mr. Mirner testified convincingly that he had no desire to cause harm to the Bank, that he was merely acting in his own financial interest. Thus, the Court finds that he did not desire the Bank's injury. However, Mr. Mirner clearly could see that he was doing substantial damage to the properties in the process of removing the fixtures. Thus, he had "actual knowledge" that damage to the Bank was "substantially certain" to occur. His unexplained testimony that he did not believe that the damage would have any effect on the Bank's resale price was not convincing.

**CONCLUSION**

The Bank is entitled to a nondischargeable judgment against the Mirners pursuant to 11 U.S.C. § 523(a)(6) in the principal amount of $102,000, plus pre-judgment interest at the statutory rate under California law from January 7, 2010, and reasonable costs of suit. Counsel for the Bank is directed to submit a proposed form of judgment in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

Edward Tredinnick
Greene, Radovsky, Maloney and Share
4 Embarcadero Center #4000
San Francisco, CA 94111

Christian Peter Mirner
Tamara Lynne Cullen-Mirner
1331 Martino Rd
Lafayette, CA 94549

Tevis Thompson
P.O. Box 1110
Martinez, CA 94553

Lynette C. Kelly
U.S. Office of the U.S. Trustee
1301 Clay St.
Oakland, CA 94612